IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GREGORY R. YOUNG,
      Petitioner,

v.                                                   CASE NO. 5:13-cv-191-RS-GRJ

WARDEN N.C. ENGLISH,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Gregory R. Young, BOP inmate number 07590-088, initiated this case by filing Doc. 1, a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and Doc. 2, a motion to seal proceedings. There is no basis or compelling reason offered for sealing this proceeding pursuant to Fed. R. Civ. P. 5.2.[1] Further, because it is clear that Petitioner is not entitled to habeas relief based on the allegations in the Petition, the undersigned recommends that this case be dismissed.[2]

## Background

In 2005, a Southern District of Ohio jury convicted Petitioner of possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), (b)(1)(C), and 18 U.S.C. § 2. *See United States v. Young*, Case No. 2:04-

---

[1]Petitioner contends that the case should be sealed to "prevent an adverse effect on the judicial economy," "to preserve public confidence and integrity in the judicial process," "to prevent any further embarrassment to Petitioner's family, children, and social reputation," and to prevent plagiarism of his arguments. Doc. 1.

[2] Pursuant to Habeas Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the petition and it is unnecessary to serve the Petition on the Respondent.

cr-218-EAS-NMK, Doc. 144 (8/28/12) (Sixth Circuit order affirming denial of postconviction relief). Defendant received concurrent 240-month sentences, and his conviction and sentence were affirmed on appeal. Defendant subsequently sought postconviction relief by way of a letter motion and motions to vacate pursuant to 28 U.S.C § 2255. The court construed the letter motion as a motion to vacate and denied relief, and determined that the subsequently-filed motions to vacate were untimely. The Sixth Circuit affirmed. *Id*.

The instant habeas corpus petition asserts that Petitioner's remedy under section 2255 is inadequate or ineffective because Petitioner is making a "plea of bar coram non judice" challenging the authority of the trial court. Petitioner contends that the trial court lacked territorial jurisdiction over his offense and that the claimed jurisdictional statute does not satisfy the Enactment and Presentment Clauses of Article I of the Constitution. Doc. 1.

## **Savings Clause**

Under the circumstances presented, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, *or that such court denied him relief*[.]"

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the

existence of a limitations or other statutory bar cannot mean that § 2255 is inadequate or ineffective to test the legality of Petitioner's detention within the meaning of the savings clause. *Hardy v. United States*, 443 F. App'x 489, 492 (11th Cir. 2011) (quoting *Gilbert v. United States,* 640 F.3d 1293, 1308 (11th Cir. 2011)). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman CI (Medium)*, ___ F.3d ___, 2013 WL 646089, at *3 (11th Cir. Feb. 22, 2013) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

While the Eleventh Circuit "has [] shown a willingness to allow a prisoner to bring a § 2241 motion pursuant to the § 2255(e) savings clause if the Supreme Court decided a 'retroactively applicable, circuit law-busting decision' that 'established that he had been convicted of a 'non-existent crime,'" Petitioner has pointed to no such decision in this case. *Hardy*, 443 F. App'x at 493 (quoting *Wofford v. Scott,* 177 F.3d 1236, 1242–45 (11th Cir.1999)). Petitioner's conclusional argument that the trial court lacked territorial jurisdiction over his offense is wholly insufficient to show that he is entitled to bring this petition pursuant to the savings clause.

In light of the fact that Petitioner has not met his burden of demonstrating that the § 2255 remedy was inadequate or ineffective, and has not shown that he is entitled to invoke the savings clause of § 2255(e), the undersigned concludes that the instant petition is barred.

For the foregoing reasons, the motion to seal, Doc. 2, is **DENIED.**

It is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED**.

**IN CHAMBERS** this 30th day of May 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.